## Ehrhardt, Appellant, *v.* Ehrhardt.

*Divorce—Indignities to person—Evidence.*

Where a libel for divorce brought by a wife against her husband alleges as a ground for divorce indignities to the person, and the case is tried at great length before two judges, and they enter a joint decree dismissing the libel, such decree will not be reversed by the appellate court although the testimony of the libelant and her daughter make out a cause of action, if it appears that such testimony was not corroborated, but was denied by the respondent who was himself corroborated by many of his neighbors and acquaintances.

Argued April 18, 1913.    Appeal, No. 31, April T., 1913, by plaintiff, from decree of C. P. No. 1, Allegheny Co., March T., 1911, No. 318, dismissing libel in divorce in case of Margaret Ehrhardt v. John Ehrhardt. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Libel for divorce.    Before SHAFER, and FORD, JJ.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing libel.

*A. H. Rowand,* with him *H. H. Rowand,* for appellant, cited: Schlott v. Schlott, 14 Lanc. L. R. 201; Krug v. Krug, 22 Pa. Superior Ct. 572; Baker v. Baker, 195 Pa. 407; Oxley v. Oxley, 191 Pa. 474; Carey v. Carey, 25 Pa. Superior Ct. 223; May v. May, 62 Pa. 206.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee, cited: Brotherton v. Reynolds, 164 Pa. 134; McMillin v. McMillin, 183 Pa. 91; Best v. Best, 161 Pa. 515; Steinmeyer v. Siebert, 190 Pa. 471; Wolf v. Augustine, 197 Pa. 367.

OPINION BY MORRISON, J., July 16, 1913:

This is a libel in divorce a mensa et thoro and it was heard at great length by two of the learned judges of the

common pleas court of Allegheny county and both of these judges signed the decree refusing the divorce and dismissing the libel for the reasons stated as follows: "We are unable to find that he offered such indignities to her person as to render her condition intolerable and life burdensome and thereby forced her to withdraw from his house and family. The libel is therefore dismissed."

We have carefully read all of the testimony and given to it and the earnest arguments of the learned counsel for the respective parties such careful consideration as the importance of the case demands.

In our judgment, if the testimony of the libelant and the daughter of the parties is to be accepted as a full, unexaggerated, truthful and fair statement of the facts found in their testimony, then a case was made out which entitled the libelant to the divorce prayed for: Krug v. Krug, 22 Pa. Superior Ct. 572; Oxley v. Oxley, 191 Pa. 474; Augenstein v. Augenstein, 45 Pa. Superior Ct. 258; May v. May, 62 Pa. 206.

But in the present case the testimony was all taken by a stenographer in the presence of the judges who signed the decree. They saw and heard the witnesses and it is quite evident that they did not accept the stories of the libelant and the daughter of the parties as a full and fair statement of the facts. These stories were not corroborated by any of the neighbors and acquaintances of the parties. While on the other hand the respondent strongly denied their most serious charges and he called many of his neighbors and acquaintances who corroborated him in many important particulars.

Upon due consideration, and remembering that the learned judges below had a much better opportunity to get at the real facts and situation and surroundings of the parties than we can have from the printed record, we are not prepared to say that the decree should be reversed. It is much to be regretted that this husband and wife who had lived together for more than twenty years and had raised a reputable and industrious daughter and had accumulated

considerable property and were both industrious, should have reached the point which caused this suit, and we express the hope and belief that they will yet become reconciled and conclude to spend the remainder of their days living together as husband and wife.

The assignments of error are all dismissed and the decree is affirmed.