# Renard *v.* Renard, Appellant.

*Divorce—Desertion—Cruel and barbarous treatment—Evidence:*
A wife who has lived with her husband for fourteen years, and then wilfully deserts him, cannot successfully set up as a defense in his suit for divorce cruel and barbarous treatment and indignities to her person, where her testimony is vague and in-

386, (1915).]     Syllabus—Opinion of the Court.

definite and is flatly denied by her husband, and the only proof of violence was that upon one occasion her husband seized her and said that he would "finish" her.

*Divorce—Trial by jury—Delay—Discretion of court.*

A wife who is a respondent in a divorce suit cannot be charged with delay in applying for a jury trial where she concludes her answer filed in due time with the following words "all of which matters and things this respondent is willing to maintain and this she prays may be inquired of by the country." This is asking for a jury trial.

Under the Act of April 20, 1911, P. L. 71, the court in the exercise of proper discretion may refuse a jury trial, although the public morals may not be prejudiced by such a trial.

Argued March 8, 1915. Appeal, No. 5, March T., 1915, by defendant, from decree of C. P. Lackawanna Co., Nov. T., 1910, No. 240, awarding divorce in case of Emile J. Renard v. Sarah J. Renard. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Libel for divorce. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1) refusal of jury trial and (2) decree of divorce.

*William J. Fitzgerald,* with him *Joseph O'Brien* and *John P. Kelly,* for appellant, cited: Buys v. Buys, 56 Pa. Superior Ct. 334; Aikens v. Aikens, 57 Pa. Superior Ct. 424; Welfer v. Welfer, 54 Pa. Superior Ct. 215; Thompson v. Thompson, 59 Pa. Superior Ct. 159.

*Cole B. Price,* with him *Samuel B. Price* and *John H. Price,* for appellee.

OPINION BY TREXLER, J., July 21, 1915:

The fact of desertion is admitted. The wife left the

husband.   She claims, however, that she was justified.
The burden of proof therefore is on her and she must
prove such cruel and barbarous treatment and indigni-
ties to her person by the preponderance of the evidence
as will entitle her to a divorce: Ingram v. Ingram, 58
Pa. Superior Ct. 522.   Judged by this standard we think
the court below decided the case correctly.   If we accept
the testimony of the wife and daughter, we find that
upon one occasion, and only one, the husband offered
personal violence to his wife.   The husband at that time
is said to have called to his wife to come back and he
would "finish" her.   The above is the most damaging
testimony presented against the libellant.   The parties
had been married fourteen years.   There was some other
testimony from which the respondent sought to prove a
course of cruel and barbarous treatment, but the ac-
cusations were mostly vague and indefinite and were
flatly denied by the husband.   That the union was not
always happy is very evident, but the causes of their
discord appear to have arisen from both sides of the
house.   There was serious contradiction in the stories of
the parties to the suit, and the lower judge had a better
opportunity to get at the real facts and the situation and
surroundings of the parties than we can have from the
printed record: Ehrhardt v. Ehrhardt, 54 Pa. Superior
Ct. 166.   Evidently the lower court was not prepared
to disregard the testimony of the husband and accept
the wife's as verity.   This being so, her defense failed.

The respondent demanded a jury trial which the court
refused to grant, making the following order: "We are
of the opinion that the rule for a jury trial should be
discharged, because of the delay of the respondent in
presenting her petition, but there is a better reason, viz:
the case should be heard before one of the judges and not
before a jury.   Counsel agreed that the testimony in a
case between the same parties in the Quarter Sessions
should be considered by us in the disposition of the pres-
ent rule.   After reading that testimony, we are con-

vinced that no good purpose will be accomplished by sending the case to a jury." We cannot agree with the learned judge of the court below that the respondent delayed in presenting her request for a jury trial. When she filed her answer, she concluded with the following words, "all of which matters and things this respondent is willing to maintain and this she prays may be inquired of by the country." This was asking for a jury trial. It was the customary form of demanding a jury trial by pleaders from time immemorial both in the criminal and civil courts: Stephen on Pleading, 79; Allison v. Allison, 46 Pa. 321 (322).

The Act of April 20, 1911, P. L. 71, provides that upon the return of a rule to show cause why a trial by jury shall not be had to try the issues of facts, the court after hearing "may discharge it or make it absolute or frame issues itself......but such rule shall not be made absolute when in the opinion of the court a trial by jury cannot be had without prejudice to public morals."

Section 2 of the same act provides that "all cases in divorce pending at the time the act was passed are to be proceeded with only in accordance with the provisions thereof." The case we are considering, having been begun before the date of the approval of the act and being still undetermined at that time, was "pending." The request for a trial by jury was undisposed of. The question therefore remains whether a jury trial should have been granted or refused under the provisions of the above act.

It is argued that the only reason which may move the court to refuse an issue under the Act of 1911 is that the public morals might be prejudiced by a trial by jury. We cannot agree with this view. If we refer to the sentence quoted above, we find that the power is put in the hands of the court to grant or refuse an issue but with this condition that an issue shall not be granted when the public morals might be prejudicially affected. The provision is not to restrict the court in refusing an

issue but is a limitation on the granting of one. The sentence is rather inaptly framed but as we read it, it means that the trial judge may in any case grant or refuse an issue at his discretion, excepting where the public morals will be prejudiced by a jury trial, in which case he shall refuse it. His discretion is not confined to the single question of the effect of a jury trial upon the public morals. There may be other matters arising which might render a jury trial inadvisable. The reason given by the judge that no good purpose could be accomplished by sending the case to a jury may have been intended to express the opinion that the public morals might be prejudiced by a trial by jury. As, however, we have construed the act to vest a general discretion in the court, to allow or refuse a jury trial, we need not discuss the question. The statement is made by appellant's counsel that the act makes a radical inroad into the popular right of trial by jury. We do not think this proposition aids in the construction of the provision of the act above considered. There is no common-law right of trial by jury in divorce cases. Under the common law, divorces were cognizable by the ecclesiastical court and were decided without the intervention of a jury.

We conclude that the court had the right in its discretion to refuse a jury trial.

All the assignments of error are overruled and the decree is affirmed at the cost of the appellant.