## Wetzel v. Wetzel.

*Divorce—Alimony—Counsel fees—Proceedings to have respondent declared weak-minded—Intervention—Next of kin—Acts of May 28, 1907, and May 4, 1921.*

1. Where an allowance for alimony and counsel fees has been made, ample for the purpose of allowing the respondent, a wife, to make a proper defence under all the circumstances of the case, the court will not increase the allowance if it appears that libellant is of only moderate means, because proceedings involving large counsel fees were instituted in another county by respondent's next of kin to have respondent declared a weak-minded person.

2. Under the Act of May 4, 1921, P. L. 343, if it is believed to be in the furtherance of justice in any particular case, as for the benefit of a weak-minded person in an action of divorce, that the next of kin be permitted to intervene, the court may allow such intervention, irrespective of whether such weak-minded person has been so adjudged under the Act of May 28, 1907, P. L. 292,

*Divorce—Evidence—Witness—Competency of libellant—Acts of May 23, 1887, and May 28, 1907.*

3. The fact that a wife, the respondent in a divorce case, has been adjudged a weak-minded person in proceedings under the Act of May 28, 1907, P. L. 292, does not render the libellant incompetent as a witness against his wife within the meaning of paragraph 5 (e) of the Act of May 23. 1887, P. L. 158.

*Divorce—Jury trial—Discretion of court as to allowance—Act of April 20, 1911.*

4. Under the Act of April 20, 1911, P. L. 71, the refusal of a jury trial is discretionary with the court, although such trial may not be prejudicial to public morals.

5. Where a demand for a jury trial was expressly waived by respondent's counsel before the master proceeded to take testimony, and no issue was framed under rule of court, or rule taken to frame an issue, as provided by the Act of April 20, 1911, P. L. 71, the court, in the exercise of its discretion, will refuse to award a jury trial.

Rule for counsel fees, alimony and jury trial. C. P. Schuylkill Co., May T., 1921, No. 157.

*A. D. Knittle, M. J. Ryan* and *J. M. Rush Jermon*, for libellant.

*C. M. Palmer* and *Edgar N. Downey*, for respondent.

BERGER, J., Jan. 1, 1923.—This libel in divorce charging adultery was so proceeded with that a master was appointed, who, in due course, held a hearing on July 15, 1921, at which the parties appeared by their counsel; and the respondent filed her answer, in which she denied the averments of the libel and demanded a jury trial. The demand for a jury trial was almost immediately waived by respondent's counsel, and by agreement of counsel for both parties, the hearing before the master was then continued to July 21, 1921, at 11 o'clock A. M. On the arrival of that hour, the libellant appeared in person and by counsel. The respondent did not appear, and the hearing proceeded and witnesses were heard until 12.02 o'clock P. M., when respondent's original counsel, M. M. Burke and J. M. Rush Jermon, Esqs., reinforced by Michael J. Ryan, Esq., appeared, but requested that their appearance be not noted, and served notice upon all concerned that at 2 o'clock P. M. of that day an application would be made in our court by John Koch, a brother of the respondent, for a rule to show cause why he should not be permitted to intervene on behalf of the respondent, on the ground that she was then, and for some time prior thereto had been, mentally incapable of making a proper defence, and that on the following Monday, or soon thereafter, he, John Koch, would apply to the Court of Common Pleas of Bucks County, where the respondent then resided, "for a writ of *de lunatico inquirendo* with regard to this respondent, for the

3 D. & C.

Wetzel v. Wetzel.

purpose of having her adjudged of unsound mind, and having a proper committee appointed to take care of her person and her estate." Thereafter, on the same day, a rule having issued out of our court to show cause as is hereinabove stated, and the master having been so advised, he adjourned the hearing before him indefinitely. To the rule to show cause why the respondent's brother, John Koch, should not be permitted to intervene on behalf of the respondent as her next friend, which was made returnable Sept. 12, 1921, at 10 o'clock A. M., the libellant filed an answer. Subsequently, on Oct. 17, 1921, another petition to intervene was filed by the same petitioner, upon which a rule to show cause issued, returnable Oct. 31, 1921, at 10 o'clock A. M. The petitioner, in addition to the allegations made in the former petition, alleged that on Aug. 15, 1921, a petition had been duly presented by him to the Court of Common Pleas of Bucks County, as of September Term, 1921, No. 45, "setting forth, *inter alia*, that the said Mary J. Wetzel (the respondent) was a citizen of Pennsylvania and a resident of Bucks County, and that she had become and was insane and feeble-minded, and praying the court for the appointment of a guardian." He further alleged that the Court of Common Pleas of Bucks County had adjudged the said Mary J. Wetzel to be insane and mentally defective, and that no appeal had been taken from said judgment, and that thereafter, on Sept. 12, 1921, the petitioner had been appointed the guardian of the said Mary J. Wetzel, and had qualified as required by the decree making the said appointment. To this petition is attached a complete record of the proceedings had in Bucks County. Answer to said petition having been made by the libellant, both petitions came on for hearing and disposition before Bechtel, P. J., who, in an opinion of the court filed by him on April 3, 1922, made the rules issued on said petitions absolute, and permitted the petitioner, John Koch, to intervene in accordance with the prayers of his respective petitions.

Upon a petition for counsel fees and alimony filed on behalf of the respondent, April 26, 1921, the court made an order June 6, 1921, as follows:

"And now, June 6, 1921, by agreement of counsel, the libellant is ordered and directed to pay his wife, the respondent in the above case, the sum of one hundred and fifty dollars ($150) for counsel fees, and the order of court made this day in respect to the payment of alimony pending the final disposition of the above stated case is hereby revoked. By the Court."

On June 26, 1922, a petition was filed by A. D. Knittle, Esq., one of respondent's counsel, who superseded M. M. Burke, Esq., for alimony and additional counsel fees, upon which a rule issued, and to which answer has been made. The same attorney had previously, on June 5, 1922, filed a petition to show cause why the appointment of the master should not be revoked and a jury trial be allowed to respondent, on which a rule issued, and to which an answer has been made by the respondent. A hearing on these petitions was had before me Dec. 14, 1922, and testimony was taken. It was proved that the libellant is a railway engineer, who, immediately prior to the hearing, had worked twenty-six days per month at $7.40 per day, or at a monthly rate of $192.40, and that he had lost his run through a seniority claim and would thereafter probably only be able to earn at the rate of $6.56 per day, or at a monthly rate of $170.56, for twenty-six days' work. The libellant has no real estate, is without savings of any kind, and is indebted to some extent. He has a crippled son, fourteen years of age, who requires constant medical treatment, dependent upon him, and two older boys, both under twenty-one, and both to some extent dependent upon him. Of the original order for counsel fees, $50 remains unpaid, with the acquiescence of respondent's counsel.

### Wetzel v. Wetzel.

Jermon and Ryan, of counsel for respondent, in the proceedings in Bucks and Schuylkill Counties, charged $700, of which $100 remains unpaid. The money which they received was paid by John Koch, the respondent's brother. What the other counsel for respondent have received has not been shown. The respondent is without means, and is now being supported by members of her immediate family. Under this state of the evidence, the two questions arising for our determination are: (1) Shall counsel fees be increased and alimony allowed? (2) Shall a jury trial be awarded?

First, as to counsel fees and alimony. The allowance heretofore made for counsel fees was ample for the purpose of allowing the respondent to make a proper defence under the circumstances here shown. Does the fact that proceedings were had in Bucks County to have her declared a feeble-minded person, under the Act of May 28, 1907, P. L. 292, and the large sum expended in that proceeding, justify an increase of the previous allowance? The Act of May 4, 1921, P. L. 343, regulates the practice respecting the right of next of kin to become parties in cases where weak-minded persons are sought to be divorced, in language as follows:

"Section 1. Be it enacted, &c., That in all proceedings in any court of this Commonwealth in which a weak-minded person or lunatic is a party or concerned, when the court believes it to be in furtherance of justice and for the benefit of such weak-minded or lunatic party, the court may order service of process upon any or all of the next of kin of such lunatic or weak-minded person, and may prescribe the manner of such service and the time in which such service shall be made and when returnable to said court, and the court may make such persons parties to such litigation in addition to the guardian of such weak-minded person or committee of such lunatic."

This act was passed after the decision in Wagenseller v. Wagenseller, 30 Dist. R. 575, by Johnson, P. J., of the 17th judicial district, holding that if a weak-minded person had a legally appointed guardian, the next of kin to a party in an action of divorce could not intervene and conduct the defence. Construing, then, the Act of 1921 in the light of the old law, the mischief and the remedy intended by its passage, we come to the conclusion, under the terms of the act, that if it is believed to be in the furtherance of justice in any particular case, and for the benefit of a weak-minded person concerned in an action of divorce, that the next of kin be permitted to intervene, the court may allow such intervention, irrespective of whether such weak-minded person had been so adjudged under the Act of May 28, 1907, P. L. 292. The primary purpose of that act is to conserve the property of the persons for whose benefit the act was passed for their own best use. It is conceivable that a person for whose protection that act was passed, aside from the matter of finance, might be fully as competent as the next of kin to prosecute or defend an action in divorce. There is no pretence that the respondent had any property, and we believe that the next of kin might properly have been permitted to intervene under the Act of May 4, 1921, P. L. 343, on the rule taken July 21, 1921, in this court. It has been the uniform practice to allow a wife, destitute of a separate estate, who is either suing or defending a suit in divorce, such reasonable sum as will enable her to carry it on. The amount, however, is a question for the discretion of the court: Hartje v. Hartje, 39 Pa. Superior Ct. 490, 497. Having in mind the slow progress of this proceeding, the small means of the libellant, and the large expenditures already made on behalf of the respondent, no increase in the allowance for counsel fees will be made at this time. An order for alimony *pendente lite* at the rate of $30 per month, dating from Jan. 1, 1923, will be made.

3 D. & C.

### Wetzel v. Wetzel.

Second, as to the award of a jury trial. The adjudication in the Court of Common Pleas of Bucks County that the respondent is a weak-minded person does not, in our opinion, change the situation nor render the libellant incompetent as a witness against his wife, within the meaning of paragraph 5 *(e)* of the Act of May 23, 1887, P. L. 158: James *v.* James, 38 Montg. Co. Law Repr. 42. The demand for a jury trial after it had once been waived evidently had its origin entirely in the proceeding to have the respondent declared a feeble-minded person. Under Rule 17, par. 2, page 30, of our rules of court, regulating practice in divorce, the prothonotary, when a libel is filed, enters a rule as of course on the respondent to appear and answer within thirty days from the date of the filing of the libel; and under paragraph 6 of said rule, the respondent not having answered, the proceedings thereafter were *ex parte*. Nevertheless, at the first hearing of the master regularly appointed by the court, a jury trial was demanded in general terms in an answer permitted to be filed *nunc pro tunc*, but no issue was ever framed by the respondent and presented to the court for its approval, as is required by paragraph 11 of Rule 17 of our rules of court; nor was a rule to frame an issue, as is required by the Act of April 20, 1911, P. L. 71, taken by the respondent; and, as hereinabove stated, a demand for a jury trial was expressly waived by respondent's counsel before the master proceeded to take testimony. Under the Act of 1911, the refusal of a jury trial is discretionary with the court, although such trial may not be prejudicial to public morals: Renard *v.* Renard, 60 Pa. Superior Ct. 386. Following the practice in Biddle *v.* Biddle, 7 Schuyl. Legal Rec. 370, 376, in the exercise of our discretionary power, a jury trial will be refused.

And now, Jan. 1, 1923, allowance of additional counsel fees is refused. Alimony *pendente lite* to be paid by the libellant to the respondent is fixed at $30 per month, payable monthly, dating from Jan. 1, 1923. Rule to show cause why a jury trial should not be granted is discharged.

From M. M. Burke, Shenandoah, Pa.