## Purman v. Purman.

*Divorce—Trial by jury—Appointment of master—Acts of March 13, 1815, and May 8, 1919.*

1. Since the Acts of March 13, 1815, P. L. 150, and May 8, 1919, P. L. 164, trial by jury in divorce is not a matter of right, but rests in the sound discretion of the court to grant or refuse, unless it would be prejudicial to public morals, in which event the court has no discretion, but must refuse such trial.

2. The practice of appointing masters in divorce will not be departed from unless some special reason is shown why the issue should be tried by a jury.

*Divorce—Alimony pendente lite—Counsel fee and expenses.*

3. Alimony *pendente lite* is not a matter of right but is addressed to the sound discretion of the court and the court may refuse it where cause against it is shown.

4. The controlling element in granting an allowance in any case is the wife's necessity for it, the husband's ability to pay and all the circumstances of the particular case.

5. The destitute condition of the wife is a necessary prerequisite to an order for alimony *pendente lite.* Her want of pecuniary ability must be shown affirmatively before an order will be made.

6. The husband's ability to pay must be shown and not presumed, and if the husband's means are limited, the amount allowed will necessarily be limited.

7. Where a husband, a respondent in a libel for divorce for desertion, has provided a suitable home for his wife, and repeatedly requested her to accompany him to it, and she has always refused, she will not be granted alimony *pendente lite.*

8. Doubted, whether a deserted wife can require her husband to support her while she is residing in another state.

9. Under the circumstances of this case the respondent is allowed $150 for counsel fees.

Libel in divorce. C. P. Greene Co., March T., 1925, No. 125.

*A. A. Purman* and *James J. Purman,* for libellant.

*Challen W. Waychoff* and *Roy J. Waychoff,* for respondent.

RAY, P. J., Nov. 23, 1925.—In this case two rules have been submitted to and are to be determined by the court: 1. A rule upon the part of respondent for a trial by jury. 2. A rule upon the part of respondent for alimony *pendente lite* and counsel fees.

In addition, libellant has, in response to the rule for trial by jury, petitioned for appointment of a master with the usual powers. No good purpose will be served by a separate treatment of these several applications; they will, therefore, be disposed of in a single opinion.

### *Application for trial by jury.*

The libellant and respondent were married at Waynesburg, Pennsylvania, on June 24, 1921, and lived and cohabited together until July 28, 1923, at which time libellant alleges the desertion complained of occurred.

On Jan. 26, 1925, the petition or libel of the libellant was filed to the above number and term, upon which a subpœna issued, returnable to the first Monday of March, 1925, which was returned by the sheriff under oath *non est inventus* and filed March 3, 1925.

On March 3, 1925, libellant presented a petition to the court and obtained an order awarding an *alias* subpœna in divorce, returnable to the first Monday of June, 1925, and which *alias* subpœna was returned by the sheriff under oath *non est inventus* and filed June 2, 1925.

On June 9, 1925, libellant presented his petition to the court and obtained an order of publication directed to the Sheriff of Greene County, calling

Purman v. Purman.

upon the respondent to appear and answer the libel and complaint of libellant on or before the first Monday of September, 1925. The proclamation was published according to law and marked copies mailed respondent at her last known address in Atlantic City, New Jersy. Return to the order of publication was made by the sheriff under oath and was filed Sept. 8, 1925.

On Aug. 19, 1925, respondent filed an answer to the libel. On Sept. 7, 1925, libellant filed a replication, to which the respondent on Sept. 24, 1925, filed an answer. On Sept. 25, 1925, the respondent filed her petition and obtained a rule to show cause why the issue should not be tried by a jury, returnable to Nov. 2, 1925, and at the same time she filed a petition and obtained a rule to show cause why libellant should not pay respondent a sufficient sum for her support during the pendency of the action, and a further sum of $500 for costs, expenses and attorney's fees, returnable Nov. 2, 1925.

On Sept. 25, 1925, libellant filed a petition, praying the court to appoint a master to take the testimony and return the same to the court, together with a report of the proceedings had before him and his opinion of the case.

On Sept. 25, 1925, libellant filed his answer to respondent's petition and rule for jury trial, and on Oct. 26, 1925, libellant filed his answer to respondent's petition for alimony pendente lite and counsel fees.

On Nov. 2, 1925, counsel of the parties in interest agreed to and fixed Nov. 23, 1925, as the time for the argument of the matters raised by the pleadings, namely, the rule for jury trial, the rule for alimony pendente lite and counsel fees and the appointment of a master.

On Nov. 23, 1925, the matters were submitted to the court.

In the answer of respondent to the libel and in respondent's petition for rule for jury trial she has denied that she deserted the libellant. Libellant, in his petition for the appointment of a master and in his answer to respondent's petition and rule for jury trial, re-avers that respondent deserted him, and attached to and made a part of libellant's answer to respondent's petition and rule for jury trial is a certified copy of the record at No. 36, December Sessions, 1923, in the Court of Quarter Sessions of Greene County, Pennsylvania, a proceeding instituted upon the information of respondent against libellant for desertion and non-support. Counsel for respondent offered in evidence the records and testimony in that proceeding in submitting the present matters to the court. Thus, both libellant and respondent are content that the court may, in determining the matters now before us, consider the testimony taken in the proceeding in the Quater Sessions.

In the action at No. 36, December Sessions, 1923, in the Court of Quarter Sessions of Greene County, Pennsylvania—Commonwealth of Pennsylvania v. Ralford B. Purman—the facts relied upon in this action by libellant and respondent were largely developed. The court is familiar with the facts developed in that action.

Respondent, in her pleading filed in this action, has brought into the issue extraneous matter; has brought into this action the lives and characters of parties named therein, and by innuendo and by inference she has brought into this action the lives and characters of parties unnamed, and has alleged matters, the full development of which in a trial by jury libellant avers would prejudice public morals and corrupt the same.

The Act of May 8, 1919, § 1, P. L. 164, which act amends section 2, Act of March 13, 1815, P. L. 150, in part provides:

"But either of the parties who shall desire any matter of fact that is affirmed by the one and denied by the other to be tried by a jury may take a

rule upon the opposite party to be allowed by a judge of the Court of Common Pleas to show cause why the issue of fact set forth in the said rule shall not be tried by a jury, which said rule shall be served upon the opposite party or his or her counsel.

"Upon the return of said rule, after hearing, the court may discharge it or make it absolute, or frame the issue itself, and only the issues as ordered by the court shall be tried accordingly; but such rule shall not be made absolute when, in the opinion of the court, a trial by jury cannot be had without prejudice to public morals."

The act above quoted does not restrict the court in refusing an issue if the facts prejudice public morals, but is a limitation upon the granting of such issue. Trial by jury in divorce is not now a matter of right, but rests in the sound discretion of the court to grant or refuse it, unless trial by jury would be prejudicial to public morals, in which event the court has no discretion, but must refuse such trial by jury.

In Renard v. Renard, 60 Pa. Superior Ct. 386, it was held:

"It is argued that the only reason which *may* move the court to refuse an issue under the Act of 1911 is that the public morals might be prejudiced by a trial by jury. We cannot agree with this view. If we refer to the sentence quoted above, we find that the power is put in the hands of the court to grant or refuse an issue, but with the condition that an issue shall not be granted when the public morals might be prejudicially affected. The provision is not to restrict the court in refusing an issue, but is a limitation on the granting of one. The sentence is rather inaptly framed, but, as we read it, it means that the trial judge may in any case grant or refuse an issue at his discretion, except where the public morals will be prejudiced by a jury trial, in which case he shall refuse it. His discretion is not confined to the single question of the effect of a jury trial upon the public morals. There might be other matters which might render a jury trial inadvisable. The reason given by the trial judge that no good purpose could be accomplished by sending the case to a jury may have been intended to express the opinion that the public morals might be prejudiced by a trial by jury. As, however, we have construed the act to vest a general discretion in the court to allow or refuse a jury trial, we need not discuss the question.

"We conclude that the court had the right, in its discretion, to refuse a jury trial."

In the case at bar the testimony in the case between respondent and libellant at No. 36, December Sessions, 1923, is before the court and is made a part of the record by counsel for both libellant and respondent for the purpose, we presume, of being considered by the court in connection with the pleadings filed in this action in disposing of the rule for jury trial. We are familiar with the testimony in that action, and, after reading the testimony in connection with the pleadings filed in this action, we are convinced that no good purpose will be accomplished by sending the case to a jury; that a trial by jury cannot, in the opinion of the court, be had without prejudice to public morals.

Further, this court has adopted the practice of appointing masters in divorces, and that practice will not be departed from unless some special reason is shown why the issue should be tried by a jury, and no such reason has been assigned.

Wherefore, we are of the opinion that the rule for trial by jury should be discharged, and if counsel for libellant and respondent will agree upon a master, we will appoint one at once, and on failure of counsel to agree, we

will appoint a master without delay, to the end that the case may be proceeded with to a speedy determination.

### Alimony pendente lite and counsel fees.

Respondent has obtained a rule on libellant to show cause why he should not be required to pay her a sufficient sum of money for her support during the pendency of this action, and the further sum of $500 for costs and expenses and attorney fees. In other words, she seeks alimony *pendente lite* and counsel fees. The rules governing the allowance of alimony *pendente lite* are, for the most part, applicable to allowances for expenses and counsel fees, and [allowances] may be withheld for either purpose upon the same ground.

The general rules in divorce proceedings relative to the granting of alimony *pendente lite* and counsel fees and expenses may be briefly stated as follows:

Alimony *pendente lite* is not a matter of right, but is addressed to the sound discretion of the court, and the court may refuse it where cause against it is shown.

The controlling element in granting an allowance in any case is the wife's necessity for it, the husband's ability to pay and all the circumstances of the particular case.

The destitute condition of the wife is a necessary prerequisite to an order for alimony *pendente lite*. Her want of pecuniary ability must be shown affirmatively before an order will be made.

The husband's ability to pay must be shown and not presumed, and if the husband's means are limited, the amount allowed will necessarily be limited.

In the case at bar, has cause been shown which would justify the court, in the exercise of sound discretion, in refusing alimony, counsel fees and expenses? Has the destitute condition of the wife, her want of pecuniary ability, been affirmatively shown? Has the husband's ability to pay been shown or is the husband's ability to pay merely presumed?

In Horst *v.* Horst, 18 Lanc. Law Rev. 14, Landis, J., said: "In the present case, the respondent, at April Sessions last, appeared as a prosecutor against her husband, the libellant, alleging that he had deserted her, and asking the court to make an order for her maintenance. She testified that he had not lived with her for five years, had had no intercourse with her during that time, and had done nothing for her support. On cross-examination, she, however, admitted that during that period three children were born to her, and that she was then pregnant. Of course, under such circumstances, we dismissed the complaint. Having heard her former testimony, we are not prepared to believe her present story, and we, therefore, in accordance with the above rule of law, refuse to grant alimony."

The rule of law to which reference is made is stated in the syllabus as follows:

"The general rule in divorce proceeding is that the destitute wife, whether libellant or respondent, is entitled to alimony *pendente lite*, counsel fees and expenses, within the sound discretion of the court.

"Such alimony is not of right and will be refused where cause against it is shown, such as the wife being guilty of adultery or such notorious misconduct as to warrant a refusal of support."

In O'Hara *v.* O'Hara, 12 Pa. C. C. Reps. 603, the syllabus reads:

"The application of the wife for alimony *pendente lite* is addressed to the sound discretion of the court, and whether she is entitled to an allowance depends on the circumstances of the case.

"Where a husband provides a suitable home for his wife and she refuses, without reasonable cause, to leave her parents' home and live with her husband, she is not entitled to alimony for her support *pendente lite.*"

In the case at bar, respondent, at December Sessions, 1923, appeared as prosecutor against libellant, alleging that he had deserted her, and asking the court to make an order for her maintenance and the maintenance of their infant daughter. The evidence in that proceeding failed to establish the wilful and malicious desertion by the libellant of either the respondent or their infant daughter. The testimony of the respondent, she being the prosecutor in the action in the Quarter Sessions, convinced the court that the determined exercise of the respondent's will as to where she would live and how she would live had more to do with her condition than any neglect or desertion on the part of her husband, and we discharged the defendant forthwith.

Having heard her testimony in that proceeding, we look with grave suspicion upon many of the averments set forth in her answer to the libel and in her petition for rule to show cause why libellant should not be required to pay alimony *pendente lite,* counsel fees and expenses. Libellant provided a suitable home for respondent and repeatedly requested her to accompany him to that home, but respondent refused to go. She gave no legal reason for her refusal. As we view the matter, her conduct was such in this regard as would warrant the court in refusing alimony *pendente lite.*

In the case at bar, the destitute condition of respondent and her want of pecuniary ability has not been affirmatively shown nor has libellant's income or his ability to pay been shown. No testimony was taken on the rule to show cause. All we have before us is the pleadings. Respondent avers in her petition for the rule for alimony, counsel fees and expenses that she has no income adequate for her support and the maintenance of this action and that the libellant has ample means. Libellant avers in his answer to said petition and rule that the only estate of any character, real, personal or mixed, of which he is seized or possessed is a lot of ground in Waynesburg, Pennsylvania, which is unproductive and is encumbered by a first mortgage in the sum of $1100, with interest from Dec. 9, 1922, together with the taxes thereon for the years 1923, 1924 and 1925. That he has $16.72 on deposit, and that at the present and for over a year last past he has not been engaged in any employment of profit, but during that time has been and now is a student in the law department of the University of Pennsylvania, being maintained there by his father. He further avers that respondent is the owner, subject to the life estate of her grandmother, of about 100 acres of land in Jackson Township, Greene County, Pennsylvania. The answer of libellant being responsive to the petition of the respondent for alimony *pendente lite,* and not having been met and overcome by proof, stands admitted.

In the desertion proceeding, having found that "the evidence fails to establish the wilful and malicious desertion by the said Ralford B. Purman of either Nella H. Purman, his wife, or of Peggy Louise Purman, their infant daughter," and no additional evidence [being] given supporting the rule for alimony, the same should be discharged. Furthermore, the record discloses that the wife is a non-resident of the state and has been for more than one year. In this situation it is, to say the least, doubtful whether a deserted wife can require the husband to support her while residing in another state.

The rule for alimony will be discharged.

The minimum fee bill of the Waynesburg Bar Association provides in contested cases of divorce a fee of $50 shall be asked of the court as counsel fee for the wife. The pleadings show that libellant is of small financial ability.

Purman *v.* Purman.

Yet the record discloses some labor on the part of respondent's counsel, and a contest is apparent. We do not regard the minimum fee fixed by the bar association as sufficient to meet the demands which may be made upon counsel in defending this action. Upon mature consideration of libellant's ability to pay and the labor to be performed, taking into consideration the refusal to grant respondent's request for trial by jury, we have concluded that an allowance of $150 to respondent for her counsel is not excessive. An order will be made granting that sum.

### Order.

And now, Nov. 23, 1925, this matter came on to be heard and was submitted by counsel. And now, Dec. 19, 1925, it is ordered and directed that the rule granted and directed to show cause why trial by jury should not be had be and the same is hereby discharged.

It is further ordered that the rule for support or alimony *pendente lite* be, and the same is, so far as said rule relates thereto, hereby discharged, and so far as the same relates to the allowance of counsel fees, the same is hereby made absolute, and libellant is ordered to pay the sum of $150 for that purpose.

It is further ordered and directed that a master be appointed to take the testimony and return the same to the court, together with a report of the proceedings had before him and his opinion of the case.

If the parties or their counsel will at once agree as to who shall be appointed master, the court will adopt their choice and make such appointment, otherwise the court will make the appointment after ten days from the date of this order.

Ordered, adjudged and decreed accordingly.

*Eo die:* Both libellant and respondent except to the foregoing order, and at their instance a bill of exception is severally sealed to each.

From S. M. Williamson, Waynesburg, Pa.