## Dwyer v. Dwyer.

*Divorce—Trial by jury—Rules of court—Refusal of trial—Prejudice to public morals—Adultery—Act of April 20, 1911.*

1. Under the Act of April 20, 1911, P. L. 71, the court will refuse a jury trial in a divorce case, where the issue to be tried is adultery; and this is the case although a rule of court prescribes that such a trial shall be demandable as a matter of right.

2. It is the absolute duty of the court to refuse an issue where the public morals would be prejudiced by a jury trial.

Rule on libellant to show cause why an issue should not be framed to be tried by a jury. C. P. Schuylkill Co., May T., 1925, No. 5.

*A. D. Knittle* and *B. J. Duffy,* for rule; *M. J. Ryan* and *M. M. Burke,* contra.

KOCH, J., Dec. 21, 1925.—According to the libel, the libellant seeks a divorce from the bonds of matrimony on the ground of adultery and cruel and barbarous treatment. In her answer to the libel, the respondent prays that the facts may be inquired of by the country. Such a prayer asks for a jury trial: Renard *v.* Renard, 60 Pa. Superior Ct. 386, 389. And now the respondent has obtained a rule to show cause why an issue should not be framed to let a jury determine the truth of the allegations respecting adultery and cruel and barbarous treatment, and also to determine what alimony, if any, should be allowed the wife.

Paragraph 11 of our Rule of Court No. 17 says: "Should the pleadings raise any issue of fact, relevant and material to the relief sought, which either party may desire to have tried by a jury, an issue shall be framed by the party desiring such trial and presented to the court for approval; such issue shall not be a feigned issue, but an issue directly framed on the facts alleged and denied in the pleadings. Such issue and trial shall be of right at any time before the appointment of a master, and thereafter such trial by jury shall be allowed only in the discretion of the court, upon motion and cause shown."

The respondent insists that, by virtue of the rule just quoted, she is entitled, as a matter of right, to have the facts in this case determined by a jury. But, notwithstanding such contention, she is now proceeding to have the facts tried by a jury. The rule before us has been obtained in accordance with the provisions of the Act of April 20, 1911, P. L. 71, 72. That act provides that "Such rule shall not be made absolute when, in the opinion of the court, a trial by a jury cannot be held without prejudice to public morals." It thus becomes our duty to refuse an issue where the public morals would be prejudiced by a jury trial. We have no discretion in such a case. On the contrary, it is our duty to refuse a trial: Renard *v.* Renard, 60 Pa. Superior Ct. 386, 390. It is hardly conceivable that the trial of a case involving adultery ever improves the public morals. The attendance at court on such occasions creates the inference that they cannot be otherwise than prejudicial to public morals. The rule is discharged.