## Bowne v. Bowne.

*Divorce — Issue of fact to be tried by jury — Allowance by court—Practice—Rule of court contrary to the Act of March 19, 1923.*

1. Where either party to a divorce case desires an issue of fact to be tried by a jury, the proper practice is to take a rule on the opposite party, to be allowed by a judge, to show cause why the issues of fact set forth in the rule should not be tried by a jury, as required by the Act of March 19, 1923, P. L. 20.

2. A rule of court prescribing a procedure contrary to the above act is void.

Petition in divorce for an issue to be tried by jury. C. P. Schuylkill Co., Jan. T., 1927, No. 233.

*R. A. Bashore*, for libellant; *J. H. Rothstein*, for respondent.

BERGER, J., Feb. 7, 1927.—In this action of divorce charging adultery, an answer to the libel having been filed denying the charges, the respondent's counsel presented a paper to the court, reading as follows:

Bowne v. Bowne.

"To the Honorable, the Judges of said Court:

"The petition of Mame H. Bowne, respondent above named, by her attorney, J. H. Rothstein, respectfully represents: "That Harry J. Bowne, the libellant above named, in his libel of divorce filed against her to the above number and term, charged the respondent, Mame H. Bowne, as follows:

"Paragraph 12. 'That a succinct statement of the time, place and circumstances of the cause of divorce are as follows: a. That the libellant avers that, in violation of the respondent's marriage vow and of the laws of the Commonwealth, the said Mame H. Bowne, the respondent, did, on or about Aug. 26, 1926, at the Grand Hotel, Schuylkill Haven, Schuylkill County, Pennsylvania, and at various other times before this date, commit adultery with one Irwin Shollenberger and with other persons to the petitioner unknown.'

"That your petitioner, Mame H. Bowne, in her answer to said libel in divorce filed to the above number and term, denied said paragraph 12 of the libel, and denied the said charges entirely, and further prayed that the same might be inquired of by the county.

"Wherefore your petitioner, by her attorney, frames the following issue of facts to be tried by jury, subject to the approval of the court, to wit:

" 'Did Mame H. Bowne, wife of Harry J. Bowne, violate her marriage vow and the laws of this Commonwealth by committing adultery with one Irwin Shollenberger, and with other persons unknown to Harry J. Bowne, on or about Aug. 26, 1926, at the Hotel Grand, Schuylkill Haven, Schuylkill County, Pennsylvania, and at various other times before this date?'

"And now, the court approves the above issue of facts to be tried by a jury as framed, and directs that the same be filed."

In the presentation of this paper, styled a petition, counsel has entirely overlooked the fact that in the awarding of an issue for trial by jury in an action of divorce our course is prescribed by statute. The granting of an issue is regulated by section 2 of the Act of March 13, 1815, P. L. 150, entitled "An act concerning divorces," as supplemented and amended by the Act of April 20, 1911, P. L. 71, as again amended by the Acts of June 1, 1915, P. L. 374, May 8, 1919, P. L. 164, and March 19, 1923, P. L. 20. The last mentioned act provides, inter alia, that either party to an action of divorce "who shall desire any matter of fact that is affirmed by the one and denied by the other, to be tried by a jury, may take a rule upon the opposite party, to be allowed by a judge of the Court of Common Pleas, to show cause why the issues of fact set forth in the said rule shall not be tried by a jury, which said rule shall be served upon the opposite party or his or her counsel. Upon the return of said rule, after hearing, the court may discharge it or make it absolute, or frame issues itself, and only the issues as·ordered by the court shall be tried accordingly; but such rule shall not be made absolute when, in the opinion of the court, a trial by a jury cannot be had without prejudice to public morals. When neither of the parties takes a rule as aforesaid, or when, after hearing, the rule is discharged, the court may proceed to hear the cause, or may, upon motion of either party, appoint a master to take the testimony and return the same to the court, together with a report of the proceedings had before him and his opinion of the case, and may, upon the application of either party, and upon such terms as it may order, authorize and direct the master to take testimony of witnesses in any other country, state or territory subject to the jurisdiction of the United States or in any foreign country. And the said court shall have power to adopt rules regulating the proceedings before the master and fixing his fees." Paragraph 11 of our rule 17, page 34, relating to divorce (Rules of Practice in the Courts of

Bowne v. Bowne.

Schuylkill County, adopted Oct. 5, 1914), reads as follows: "Should the pleadings raise any issue of fact relevant and material to the relief sought which either party may desire to have tried by a jury, an issue shall be framed by the party desiring such trial and presented to the court for approval; such issue shall not be a feigned issue, but an issue directly framed on the facts alleged and denied in the pleadings. Such issue and trial shall be of right at any time before the appointment of a master, but thereafter such trial by jury shall be allowed only in the discretion of the court upon motion and cause shown."

It is quite evident that counsel applying for an issue for trial by jury did not look beyond our rule of court, and thus fell into error. In Renard v. Renard, 60 Pa. Superior Ct. 386, 390 (construing the Act of 1911), it was held that the trial judge might in any case grant or refuse an issue in his discretion, save only where the public morals would be prejudiced by a jury trial. See, also, Wetzel v. Wetzel, 3 D. & C. 804, 807; Dwyer v. Dwyer, 7 D. & C. 198: Purman v. Purman, 7 D. & C. 755, 757. Our rule of court regulating the framing of an issue for trial by jury in an action of divorce is at variance with the Act of March 19, 1923, supra, and, therefore, void and of no effect. A party in an action of divorce desiring an issue of fact to be tried by a jury must raise the question by rule upon the opposite party, which can only be disposed of after hearing by the court. The application for an issue in this case is, therefore, denied.

Petition dismissed, at the cost of the petitioner.

From M. M. Burke, Shenandoah, Pa.