## Marlatt v. Marlatt.

*Divorce—Petition for trial by jury.*

A petition for an issue to try a divorce proceeding may be refused by the court when the allegations are of such character as would render a jury trial inadvisable. Act of April 20, 1911, P. L. 71, considered.

Rule for issue and jury trial. C. P. Northampton Co., Feb. T., 1926, No. 91, *alias* April T., 1926, No. 112, in Divorce *a. v. m.*

*F. P. McCluskey*, for libellant; *Smith & Paff*, for respondent.

McKEEN, J., March 14, 1927.—The libel in divorce in the above stated case was filed in the Court of Common Pleas as of No. 91, Feb. Term, 1926, and in the libel the respondent is charged with cruel and barbarous treatment and indignities to the person of libellant.

In her answer to the libel, denying the material allegations contained therein, the respondent prays that the facts may be inquired of by the country. Subsequently, on her petition, respondent obtained a rule to show cause why an issue should not be framed to permit a jury to determine the truth of libellant's allegations with respect to the alleged cruel and barbarous treatment and indignities to his person. The respondent contends, in support of the rule, that she is entitled, as a matter of right, to have the disputed facts determined by a jury.

The application for a jury trial was made under the provisions of the Act of April 20, 1911, P. L. 71, relating to divorces, section 2 of which provides: ". . . Either of the parties who shall desire any matter of fact that is affirmed by the one and denied by the other to be tried by a jury, may take a rule upon the opposite party, to be allowed by a judge of the Court of Common Pleas, to show cause why the issues of fact set forth in the said rule shall not be tried by a jury. . . . Upon the return of said rule, and after hearing, the court may discharge it or make it absolute or frame issues itself, . . . but such rule shall not be made absolute when, in the opinion of the court, a trial by a jury cannot be had without prejudice to public morals." In Renard *v*. Renard, 60 Pa. Superior Ct. 389, Judge Trexler, in interpreting the power and discretion of the court in respect to awarding an issue, held: "It is argued that the only reason which may move the court to refuse an issue under the Act of 1911 is that the public morals might be prejudiced by a trial by jury. We cannot agree with this view. If we refer to the sentence quoted above, we find that the power is put in the hands of the court to grant or refuse an issue, but with this condition, that an issue shall not be granted when the public morals might be prejudically affected. The provision is not to restrict the court in refusing an issue, but is a limitation on the granting of one. The sentence is rather inaptly framed, but, as we read it, it means that the trial judge may in any case grant or refuse an issue at his discretion, excepting where the public morals will be prejudiced by a jury trial, in which case he shall refuse it. His discretion is not confined to the single question of the effect of a jury trial upon the public morals. There may be other matters arising which might render a jury trial inadvisable."

In the present case, a bill of particulars was filed by libellant, and while the allegations contained therein might not be prejudicial to public morals, yet they are of such a character as would render a jury trial inadvisable.

And now, March 14, 1927, rule for issue and jury trial is discharged.

From Henry D. Maxwell, Easton, Pa.