## Holman v. Holman. No. 2

*John B. Graybill* and *James M. Hatz*, for libellant.

*James N. Lightner*, for respondent.

SCHAEFFER, J., March 4, 1933.—The libellant seeks a divorce from respondent on the grounds of cruel treatment, indignities, and adultery. The libel was filed on April 27, 1932. A rule was granted for a bill of particulars, which was filed. The respondent then presented a petition for a more specific bill of particulars, which rule was discharged pursuant to an opinion of the court. An answer was filed by respondent. On January 6, 1933, a petition for a rule for a jury trial was filed by respondent, and an answer filed thereto by libellant. The last-mentioned rule is now before the court for its determination.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 35, provides:

"After service on the respondent, in the manner aforesaid, . . . if either of the parties shall desire any matter of fact that is affirmed by one and denied by the other to be tried by a jury, he or she may take a rule upon the opposite party, to be allowed by a judge of the court, to show cause why the issues of fact set forth in said rule shall not be tried by a jury, which said rule shall be served upon the opposite party or his or her counsel.

"Upon the return of said rule, . . . the court may discharge it, or make it absolute, or frame issues itself, and only the issues as ordered by the court shall be tried accordingly, but such rule shall not be made absolute when, in the opinion of the court, a trial by jury cannot be had without prejudice to public morals."

It is discretionary for the court to allow or refuse a jury trial. The statute law does not give an absolute right to a jury trial even where the question of the effect of such trial on public morals is not involved: Renard v. Renard, 60 Pa. Superior Ct. 386.

However, under said Act of 1929 it is mandatory on the court to discharge the rule for a jury trial when in the opinion of the court such trial cannot be had without prejudice to public morals: Dwyer v. Dwyer, 7 D. & C. 198. The statute has in view cases where the evidence pertains to sexual relations and generally to adultery cases: Watkins v. Watkins, 6 Northumberland 178; Purman v. Purman, 7 D. & C. 755; Grand v. Grand, 29 Dauphin 57; Schuster v. Schuster, 7 D. & C. 183. In MacPherson v. MacPherson, 44 Pa. C. C. 297, a trial by jury was refused where libellant charged adultery and where it appeared that the parties had two minor children.

It is evident, therefore, that the statute applies especially to divorce proceedings based upon the charge of adultery. The question of public morals is paramount, but the court may consider also the circumstance of the parties having a minor child whose welfare may be affected by a public proceeding.

Upon a careful reading of the bill of particulars and answer, especially with regard to the accusations against each other of marital infidelity, the court is of the opinion that a trial by jury in this case would be prejudicial to public morals. This case can be heard fully and fairly before a master, whose findings are passed upon finally by the court, either with or without exceptions. The rule for a jury trial is therefore discharged, and the case will be referred to a master.                    From George Ross Eshleman, Lancaster. Pa.