## Vonarx v. Vonarx

*John H. Cartwright*, for libellant.

*Edward J. Blatt*, for respondent.

HIPPLE, P. J., May 21, 1946.—Libellant instituted the above action in divorce alleging as grounds therefor indignities to his person such as to render his condition intolerable and life burdensome. Respondent filed a rule for a bill of particulars and on March 22, 1946, libellant filed a bill of particulars to which respondent filed an answer on April 29, 1946. On April 27, 1946, respondent presented her petition for a rule to show cause why an issue should not be framed by

the court in order that the same be tried by a jury. The only reason given in the petition for the rule is that respondent desires that the issues of fact raised by the libel, bill of particulars and answer be tried by a jury.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 35, 23 PS §35, provides in effect that either party in a divorce proceeding desiring any matter of fact that is affirmed by one and denied by the other to be tried by a jury may take a rule upon the opposite party to show cause why the issues of fact set forth in the rule shall not be tried by a jury, and that;

"Upon the return of such rule, after hearing, the court may discharge it or make it absolute, or frame issues itself, and only the issues as ordered by the court shall be tried accordingly, but such rule shall not be made absolute when, in the opinion of the court, a trial by jury cannot be had without prejudice to public morals."

In Renard v. Renard, 60 Pa. Superior Ct. 386, the construction of this provision, which first appeared in the Act of April 20, 1911, P. L. 71, was authoritatively settled. It was there held that the court has authority to grant or refuse an issue, but with the condition that an issue shall not be granted when the public morals might be prejudicially affected, and that the provision was not intended to restrict the discretion of the court in refusing an issue, but was merely a limitation on the right to grant it. Therefore, if a jury trial would be prejudicial to public morals the application for an issue must be refused. In all other cases it may be refused in the discretion of the court.

There is no common-law right of trial by jury in divorce cases, and therefore there is not an abridgment of the constitutional right to a trial by jury, because divorces were not cognizable at common law but by the ecclesiastical court where they were decided without the intervention of a jury.

No specific reason is stated by respondent in her petition for the rule why there should be a departure from the usual practice of appointing masters in divorce. No instance has been called to the attention of the court where a trial by jury was granted in this district since the passage of the Act of April 20, 1911, P. L. 71. Referring divorce cases to masters has been the established practice herein ever since the passage of the Act of 1911, and there are many cases in the lower courts discharging rules to show cause why issues should not be framed to which it is not necessary to refer, but which are cited in 12 Vale's Penna. Digest and 23 PS §35.

The practice of referring divorce cases to masters has been satisfactory and in any event the recommendations of the master are not final, but the court is required to consider the testimony de novo and approve or reject the recommendations of the master as may seem proper.

As held by Woodside, J., in Crain v. Crain, 55 Dauph. 89, 93.

"It is not to the best interests of the State to have publicly related the intimacies of the home that usually accompany divorce cases, particularly when the charge is indignities. A lawyer's office makes a better laundry for washing the family linens than a court room."

We think it wise not to deviate from the established practice of referring divorce cases to masters unless ". . . the petitioner in any divorce case asking for a jury trial shows some special reason why the issue should be tried by jury . . ."; Miller v. Miller, 29-A Dauph. 110. No such specific reason has been shown herein, and therefore the rule for a jury trial must be discharged.

### Order

And now, May 21, 1946, the rule to show cause why an issue should not be framed by the court and the above cause tried by a jury is hereby discharged.