## Bzura v. Bzura

*John L. Pipa, Jr.*, for libellant.
*D. W. Kearney*, for respondent.

TROUTMAN, J., March 17, 1947.—Libellant seeks a divorce from respondent on the ground of wilful and malicious desertion without reasonable cause which has continued from November 15, 1940.

An answer was filed by respondent in which she denies that she deserted libellant and alleges that libellant had, in fact, deserted her. The answer also discloses that during the period of the alleged desertion of respondent by libellant, libellant was in the company of respondent and had sexual intercourse with her. The answer further alleges that libellant has been in the company of a woman in the City of New York. Upon the filing of the answer, respondent presented

her petition for a rule for a jury trial and an answer was filed thereto by libellant. A hearing was waived by both parties and the rule is now before the court for its determination.

Section 35 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §35, provides, inter alia, as follows:

"Upon the return of said rule, after hearing, the court may discharge it, or make it absolute, or frame issues itself, and only the issues as ordered by the court shall be tried accordingly, but such rule shall not be made absolute when, in the opinion of the court, a trial by jury cannot be had without prejudice to public morals."

Under the above act, it is mandatory on the court to discharge the rule for a jury trial when in the opinion of the court such trial cannot be had without prejudice to public morals: Dwyer v. Dwyer, 7 D. & C. 198.

It is discretionary for the court to allow or refuse a jury trial. The statute does not give an absolute right to a jury trial even where the question of the effect of such trial on public morals is not involved: Renard v. Renard, 60 Pa. Superior Ct. 386.

Trial by jury in a divorce action is not a matter of right, but rests in the sound discretion of the court to grant or refuse, unless it would be prejudicial to public morals, in which event the court has no discretion, but must refuse such trial.

After a careful review of the pleadings in this case, the court is of the opinion that there is apparently nothing in the same which would be prejudicial to public morals. However, in the answer filed by respondent there are numerous allegations that during the time libellant alleges that respondent had deserted him, libellant and respondent had frequent acts of sexual intercourse. There is, likewise, a reference to libellant's company with another woman.

It is conceivable that on a trial before a jury the proof of these allegations may arouse the morbid cu-

riosity of many people. There is nothing in the allegations of the libel and the answer which could not be properly decided by a disinterested master appointed by the court and who would see that equal and exact justice would be done both parties.

The court is of the opinion that there is no special reason shown why the issues in this case should be tried by a jury and cause the court to depart from the usual practice of appointing masters in such cases.

### Order

And now, to wit, March 17, 1947, after due consideration of the pleadings and the court being of the opinion that the matter should not be tried before a jury, the rule is hereby discharged. An exception is noted and bill sealed for respondent.