## Roe v. Roe

*Brown, Swope & MacPhail,* for plaintiff.

*Henry C. Kessler, Jr.,* and *Bulleit & Bulleit,* for defendant.

SHEELY, P. J., September 10, 1963.—Defendant has filed a petition for a jury trial in this action in divorce brought against him by his wife on the ground of indignities to the person. In his petition he merely denied

that he was guilty of indignities and denied that plaintiff was an injured and innocent spouse. No reasons were set forth to support his request for a jury trial. No depositions were taken and no evidence was produced before the court, but in his brief he sets forth as reasons for his request that he is interested in keeping his marriage intact and that "he is of the opinion that he can accomplish his end far better by presenting his testimony before a jury of his peers than before a single Master," and that since the Commonwealth is interested in keeping the marriage together, if at all possible, it is consistent with the public policy of Pennsylvania to grant defendant every right conferred by law which is or could conceivably be in furtherance of that policy.

As pointed out in Goodrich-Am. §1132-1, the award of a jury trial in an action for divorce was made discretionary by the Act of April 20, 1911, P. L. 71. Section 35 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §35, retained the discretionary power of the court to award or refuse a jury trial and this was not changed by Pa. R. C. P. 1132, which relates solely to procedure. The discretion invested in the court is a general discretion to allow or refuse a jury trial. "There is no common law right of trial by jury in divorce cases. Under the common law, divorces were cognizable by the ecclesiastical courts and were decided without the intervention of a jury": Renard v. Renard, 60 Pa. Superior Ct. 386, 390 (1915).

Defendant here has advanced no valid reason why a jury trial should be awarded. He says that he is interested in keeping his marriage intact; so is every person who defends a divorce action although their motives may differ. He says the Commonwealth is interested in keeping the marriage together; this is true in all cases, but the policy of the Commonwealth is also to grant divorces where the facts warrant such

action. To grant defendant's request on the record before us would require the awarding of a jury trial upon request, and without giving reasons, in every case.

Referring divorce cases to a master to take testimony has been the established practice of this county, and nearly all of the counties of the State, for over 50 years. As stated by Judge Woodside in Crain v. Crain, 55 Dauph. 89, 93 (1944), "that there have been no requests for jury trials for many years shows how eminently satisfactory this practice has been." And as he also stated in that case: "It is not to the best interests of the state to have publicly related the intimacies of the home that usually accompany divorce cases, particularly when the charge is indignities. A lawyer's office makes a better laundry for washing the family linen than a Court room."

This case is on all fours with Vonarx v. Vonarx, 56 D. & C. 386, 388 (1946), where Judge Hipple of Elk County said:

"We think it wise not to deviate from the established practice of referring divorce cases to masters unless '. . . the petitioner . . . shows some special reason why the issue should be tried by jury' . . ." We agree fully.

And now, September 10, 1963, the rule to show cause why a jury trial should not be awarded is discharged.