## McDermott *v.* Woods.

*Pleading—Statement—Rule of court.*

A rule of court providing that " all items of book accounts and other claims, not specifically traversed or denied under oath or affirmation shall be taken as admitted, and no proof thereon shall be required on the trial," is not applicable unless the statement is " verified by affidavit," or " a specification of the items of the claim " is filed with it, in accordance with other rules of court.

Argued Oct. 14, 1891. Appeal, No. 251, Oct. T., 1891, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1890, No. 33, on verdict of plaintiff. Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Appeal by Henry Woods from the judgment of an alderman in favor of T. W. McDermott. The plaintiff filed in the common pleas the following statement which was not verified by affidavit:

" Plaintiff,. T. W. McDermott, claims from Henry Woods, defendant, one hundred and eighty-one dollars, for extra materials furnished and extra work done in the building of a kitchen and porch for said defendant, for which extra materials and extra work and labor done defendant promised to pay said plaintiff.

That in May and June, 1890, defendant made a contract with said plaintiff to build said defendant a house. That after said house was built, said defendant wanted a common kitchen built with certain specifications, for which said plaintiff agreed to build said kind of kitchen for the sum and price of one hundred and twenty-five dollars. That when said plaintiff commenced to build said kitchen, the kind mentioned and agreed upon by said plaintiff and said defendant, said defendant would not have the kind of kitchen they had agreed upon built, but wanted an extra kitchen built, for which extra kitchen said defendant agreed there and then to pay said plaintiff. That the extra materials furnished and the price of the extra work and labor done in building said extra kitchen, was one hundred and fifty-one dollars, for which extra work done and extra materials furnished said defendant agreed to pay said plaintiff. That said plaintiff built for said defendant an extra porch for

the sum and price of thirty dollars, for which extra porch the said defendant agreed to pay.

That the amount of money due said plaintiff from said defendant is one hundred and eighty-one dollars, with interest on the same from July 7, 1890. That defendant is not entitled to any discount, abatements, set-offs or deductions from said claim.

The rules of the court of common pleas of Lawrence county provided as follows :

" 1. In personal actions, ex contractu, the plaintiff shall file with or before his declaration, when the suit is brought on a book account, a sworn copy thereof, as taken from his books of original entry. In all other cases for the recovery of debts, a specification of the items of his claims. And in all cases a statement of facts necessary to support the action verified by affidavit. "

" 3. All items of book accounts and other claims, material averments of facts, written instruments and the execution thereof, not specifically traversed or denied by the opposite party, under oath or affirmation, shall be taken as admitted, and no proof therefore shall be required at trial."

HAZEN, P. J., charged in part as follows :

" It is within the province and required under our rules of court that the defendant in defending should specifically set out each and every particle of the defence. He need not set out any, he is not compelled to. He may set out just what suits him but what is not denied is taken as admitted. The items for which pay is claimed by plaintiff are not denied ; hence when you reach a conclusion, and if that be that there was other contract than that which the defendant avers there was, and as we have already stated that covers the contract for the house and the kitchen, the former at $1,200, and the latter $125, and as the defendant says no other, but if you find there was other contract and the work and material furnished in pursuance of that, then your verdict must be for the plaintiff for the amount claimed, because it is not denied."

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was the portion of the charge quoted above.

*W. H. Falls, D. B. Kurtz* with him, for appellant.

*B. A. Winternitz,* for appellee.

OPINION BY MR. JUSTICE McCOLLUM, February 8, 1892.

The claim in this case is, "one hundred and eighty-one dollars for extra materials furnished and extra work done in the building of a kitchen and porch." It appears that the plaintiff agreed to furnish the materials, and build for the defendant a house and kitchen for the sum of $1,325; that he has substantially performed his contract, and has received the consideration for it. The only dispute between them relates to the claim for extra work and materials, the plaintiff alleging that extra materials were furnished, and that extra work was done by him, on the suggestion of the defendant, and his promise to pay for the same, and the defendant contending that the work was done, and that materials were furnished, under the contract for the construction of the house and kitchen. The statement of the claim is not in compliance with the rule of court. It is not "verified by affidavit." "A specification of the items of the claim" is not contained in or filed with it. We cannot ascertain from it the kind, amount, or value of the materials furnished, or of the work done. The affidavit of defence is somewhat informal, but it is a substantial denial that any extra work was done, or that any extra materials were furnished. The learned judge of the court below thought this denial was not sufficiently specific to put the plaintiff upon proof of his claim, and virtually instructed the jury that their verdict should be for the full amount of it, less a small item of set-off, which was undisputed. This instruction was founded upon a rule of court, which provides that "all items of book-accounts and other claims, not specifically traversed or denied, under oath or affirmation, shall be taken as admitted, and no proof thereof shall be required on trial." But the rule in question is, we think, limited to cases in which the claim is stated or declared upon in conformity with the preceding rules, and is not applicable unless the statement is "verified by affidavit," or "a specification of the items of the claim" is filed with it. As the statement in the case at bar is defective in these essential particulars, the plaintiff has the burden of establishing his claim by appropriate evidence. It is admitted that the plaintiff agreed to furnish materials, and build a house and kitchen,

for a sum or price which he has received. He now demands an additional sum for extra work done and materials used in their construction, and the defendant replies, in substance, that the contract covered all the materials furnished, and all the work done. This reply is, under the pleadings in the case, sufficient to put the plaintiff upon proof of his claim, and we therefore sustain the specifications of error.

Judgment reversed and *venire facias de novo* awarded.