## Poteet v. Poteet.

*Divorce—Service on respondent—Appearance before master—Answer— Right of respondent to be heard after answer filed.*

Where service is not made upon a non-resident respondent in divorce but she receives notice of the meeting before the master, there appears personally and by counsel and, thereafter and before the filing of the master's report, files an answer, she is entitled to have a hearing on her answer and, if the master refuses to grant her such hearing, the report will be referred back to him to give the respondent an opportunity to produce testimony in support of the answer.

Exceptions to master's report in divorce. C. P. Montgomery Co., Nov. T., 1922, No. 90.

D. Yeakel Miller, for libellant; Frank J. Bradley, for respondent.

WILLIAMS, J.—The report of the master, exclusive of exhibits, etc., is contained on eleven unnumbered typewritten pages. It is divided into three parts: history of the case, findings of fact and conclusions of law. To each of the first and last about two pages of the report are given. The remaining, approximately, seven pages are covered with some twenty unnumbered paragraphs consisting, in part, of lengthy running comments as to what various witnesses testified, of the desire and non-feeling of the master, of his knowledge concerning a case other than the one before him between the parties hereto and of the citation and even *verbatim* quotation from a decision of the Supreme Court. That, in a case contested by the respondent with a show of feeling approaching bitterness, such loose treatment should lead to the filing of exceptions occasions no surprise. The wonder is that, in view of the prolix tendencies of counsel, the exceptions are not more than three in number.

Of these three exceptions the first relates to the fourth and fifth sentences of the nineteenth paragraph of the so-called findings of fact, in which sentences the master states that, if the respondent had desired to offer testimony, it was her duty to file an answer not later than the day fixed as the time for hearing and that, not having done so, she cannot now make a defence.

The subpœna in divorce was not returned "Served." Likewise, there was no personal service of the *alias* subpœna. Both writs were returned by the sheriff "*Non est inventus.*"

The acts of assembly being silent as to the time within which an answer must be filed, such time is usually prescribed by rule of court: Pennsylvania Law and Procedure in Divorce, Sturgeon, Second Edition, By Dannehower, Part II, Proceedings To Obtain A Divorce, Chapter XXVI, Defences, Section 1338, When Answer Should Be Filed, page 350.

The first sentence of the first paragraph of our Rule 69 says that, where there is an appearance by the respondent within ten days after the return-day of the subpœna, the libellant may enter, in the office of the prothonotary, a rule on the respondent to answer within thirty days after the service of such rule. The second sentence provides that, in default of answer, the libellant may proceed *ex parte*. Otherwise, our rules say nothing not only about the time within which an answer must be filed but also concerning the necessity of filing an answer at any time.

In the present case, an appearance by the respondent within ten days after the return-day of the subpœna was not entered. Hence, the former part of the first paragraph of Rule 69 has no direct fitness.

Also, the later portion of the first paragraph is of no usefulness. "In default of answer" has reference to a default within thirty days after the service of the rule to answer within that time. The phrase is of limited application. It does not mean a general failure to answer. In this case, as there was no appearance by the respondent within ten days after the return-day of the subpœna, under Rule 69 there could not have been any rule on the respondent to answer within thirty days after the service of such rule.

The makers of Rule 69 evidently had in mind two separate and distinct situations, both to arise, however, only after personal service of the subpœna; the one, taken care of by the language of the first paragraph, when there should be an appearance by the respondent within ten days after the return-day of the subpœna; and the other, provided for by the second paragraph, when there should not be such an appearance. Inasmuch as there was no personal service of the subpœna, the second paragraph of Rule 69 has no applicability to the instant case.

Rule 70 prescribes the procedure, where, as in our case, there has been no service upon the respondent and no appearance entered in her behalf. It declares, in the first paragraph, that the libellant shall file an affidavit, giving the present residence or post-office address of the respondent or that the same is unknown to the libellant after diligent search and inquiry, in which event he shall give the last known residence or post-office address of the respondent.

The libellant, in the case at bar, having done so, in conformity with the second paragraph of Rule 70 the master, at least fifteen days prior to the first meeting before him, by registered letter addressed to the respondent, sent her a notice of the meeting, together with a copy of the interrogatories filed. The notice fixed the time and place of the first meeting before the master as the 27th day of June, in the borough of Norristown, this county. The respondent received the registered letter in New York City, nearly a hundred miles from here, in another state, being the one having jurisdiction over the subject-matter of the divorce, on the 18th day of June, nine days before the time fixed for hearing. Presumably, the notice contained in the letter brought the respondent her first intimation that she was being sued by her husband for a divorce. Under these circumstances, we are not prepared to say that the master was right in finding that it was the duty of the respondent to file her answer on or before June 27th.

The master, in his notice to the respondent, advised her that, if she saw fit, she might attend the hearing. The invitation thus extended was accepted. The respondent came to the hearing accompanied by her local counsel, who cross-examined the libellant, the only witness called.

At the conclusion of the cross-examination of the libellant, who had present on his behalf three witnesses, two of whom lived so far away as the city of Pittsburgh, Allegheny County, this state, and the third of whom resided at

Poteet v. Poteet.

East Orange, in the state of New Jersey, the hearing ended, apparently without an adjournment, or, if by adjournment, which does not appear, then, at least, without a day.

Almost three months later, the 22nd day of September, an additional meeting was held. At this second hearing neither the respondent nor her counsel was in attendance.

On the 1st day of October, nearly two months before the master returned his commission to the court, the respondent filed her answer. No motion was ever made, or rule asked, by the libellant to have the answer stricken from the record.

Even if the master be correct in his finding that the respondent should have filed her answer not later than the day of the first hearing, the conclusion therefrom deduced by him that, because of her failure so to do, she could not thereafter make a defence is not sound. It by no means follows that, necessarily, the respondent was thereby deprived of her day in court. On the contrary, in view of all that happened after the time fixed for the hearing and before the return of the commission, we think that the master, of his own initiative, after the filing of the unobjected-to answer, ought to have fixed a time and place for hearing the respondent and her witnesses and given the respondent ample notice of the time and place so fixed. In fact, we are inclined to the belief that, even if no answer had been filed, it would have been wise for him to have done so. Still more do we feel that, if the respondent requested to be heard, he should have given the right demanded. In any event, however, we are of opinion that for the master, after joinder of issue, to deny the wife respondent an opportunity to meet the serious charges of cruel and barbarous treatment and indignities to the person of her husband, whereby his condition was rendered intolerable and his life a burden, was clearly erroneous.

In support of his above finding, or conclusion, the master relies exclusively upon Oxley v. Oxley, 191 Pa. 474 (1899), a per curiam decision in affirmance of a decree entered by the Court of Common Pleas of McKean County. A reading of the opinion filed by the lower court shows wherein that and the instant case, in both law and fact, are quite distinguishable. There the libellant and respondent from childhood had both resided in Bradford County, where the alleged cause of divorce arose, and the subpœna had been personally served on the respondent, who caused an appearance to be entered for him and testified before the master. No answer was ever filed by him. In disposing of the case on its merits, Judge Morrison mentioned, incidentally, that, under the rules of his court, if the defendant had desired to offer testimony, he should have filed an answer raising an issue.

In our case we are confronted with a condition and not a theory. The outstanding feature of the situation, which the master seems to have entirely overlooked, is that, properly or improperly, an unchallenged answer is on record denying the charge the libellant makes the basis of the relief sought. The issue being thus squarely joined, the respondent must not be denied the opportunity of presenting her side of the case.

Upon the point under discussion, counsel for libellant, in their brief, cite, in addition to Oxley v. Oxley, 191 Pa. 474 (1899), but one authority, Ramsey v. Ramsey, 48 Pa. C. C. Reps. 472 (1919), Gillan, P. J. (C. P. Franklin Co.). An examination of the Ramsey case discloses that, like the Oxley case and unlike our case, the subpœna was personally served on the respondent. In this connection, also, it is interesting to note that the Ramsey decision was grounded, in part, upon Randolph v. Randolph, 48 Pa. C. C. Reps. 94 (1919),

Ford, J. (C. P. Allegheny Co.), in which, where the subpœna had been personally served, no answer filed, a master in due course appointed and an objection by the libellant to the offer of testimony on the part of the respondent sustained by the master, the court, so that the matter might be determined by full hearing of the parties and their witnesses, was swift to permit the defendant to file an answer raising the disputed questions of fact.

It may well be that counsel for the respondent was negligent in retaining in his possession and not filing until Oct. 1st an answer sworn to on the 27th day of the preceding June. But, be that as it may, the question of the professional delinquence of the legal representative of the respondent is not presented for decision. Even if the neglect of counsel should be conceded to have been totally unexcusable, still it would not justify us in doing his client, perhaps, an irreparable injustice by cutting her off from what may be a perfect defence.

And now, Jan. 10, 1924, the first exception is sustained and the case is referred back to the master for the purpose of fixing a time for further hearing, with notice to the respondent, so that she may be afforded an opportunity to adduce any testimony she may have material to the proper disposition of the case. From Aaron S. Swartz, Jr., Norristown, Pa.