## Smith v. Smith.

*C. M. Palmer*, for libellant; *C. E. Berger*, for respondent.

KOCH, P. J., February 16, 1931.—The subpœna in this case was made returnable on July 7, 1930. The ground upon which the divorce is sought is wilful and malicious desertion. The respondent entered a general appearance but filed no answer. When the master proceeded with the taking of testimony on December 29, 1930, the respondent appeared with her counsel, and her counsel cross-examined the libellant and his witnesses and then offered certain evidence for the respondent, but the offers were objected to by the libellant's counsel because no answer had been filed and hence there was no issue of fact to determine. So the respondent obtained the pending rule on

January 10, 1931, to file an answer *nunc pro tunc* in order that her testimony may be admitted. In her proposed answer she denies her own desertion and avers that her husband deserted her.

The libellant insists that this rule may not be made absolute because the respondent shows no cause for her delay in filing an answer. Part seven of our rule seventeen, which relates to divorce, says: "The respondent may, at any time within thirty days after the return date, or afterwards with leave of court, upon cause shown for the delay, demur or answer to the libel, or demur to part and answer to part." So the first question that arises is whether or not this court had the power to make such a rule. The rule was first promulgated in 1914; and, if there be any question of the court's authority to promulgate the rule at that time, we now have ample authority for using it by virtue of section sixty-six of the Divorce Law, enacted May 2, 1929, P. L. 1237. We quote the section: "The several courts of common pleas are hereby authorized to make and adopt such rules and practice as may be necessary to carry this act into effect, and to regulate proceedings before masters, and to fix their fees." The courts of common pleas had been given power, by the Act of March 10, 1899, P. L. 8, "to adopt rules regulating the proceedings before the master and fixing his fees."

Courts "may make such preparatory rules and orders in the cause that the same may be brought to a hearing and determined, at which hearing the court may determine the same *ex parte*, if necessary:" The Divorce Law, section twenty-seven. But the court may, "upon motion of either party, appoint a master to take testimony and return the same to the court:" The Divorce Law, section thirty-six.

We will quote further from parts of our rule seventeen. Part six says: "Where service has been duly made, either personally or by publication, and the respondent does not appear and answer within thirty days after the return day, the libellant may proceed *ex parte*."

Part fifteen provides that: "When a master proceeds to take testimony upon the merits he shall examine each witness specially and in detail upon all the matters set forth in the libel and the answers, and upon such other matters as may appear to be relevant and material. It shall be his duty, whether requested by either party or not, to summon and examine such witnesses as he may have reason to believe have knowledge of any matters relevant and material to the just and proper determination of the cause." And part sixteen, *inter alia*, says that: "When objection is made to the competency or relevancy of testimony, the master shall note the objection and thereupon proceed to take the testimony, subject to the objection."

Now, since the respondent filed no answer and a master was appointed, the case before him can proceed *ex parte* only, and the respondent cannot introduce any evidence, although "the master shall give ten days' written notice to the counsel of both parties of the time and place of taking testimony. If there be no appearance for the respondent, the notice shall be given to" the respondent, etc.: Part thirteen, rule seventeen.

*Ex parte* implies the presence of one of the parties and the absence of the other; an *ex parte* proceeding is a proceeding at the instance and for the benefit of one party only, and without notice to or contestation by another person adversely interested: 25 C. J. 170. However, " 'Marriage is not a mere personal relation, but a public institution, on the purity and integrity of which the welfare of society depends': English *v.* English, 19 Pa. Superior Ct. 586, 599, per Rice, P. J. Because of this, the courts have always steadily borne in mind in divorce proceedings 'the well recognized principle,

often expressed in the words, "The Commonwealth is always the unnamed third party to the proceeding" ': Ibid. 598:" Braum v. Potter Title and Trust Co., 301 Pa. 365, 373. A court should always be careful to note anything indicative of collusion between the parties or a want of jurisdiction, and must also find whether or not legal ground for a divorce is properly alleged and proved. It has always been customary, so far as we can recall, to permit a respondent to cross-examine the libellant and his witnesses even though the proceeding be *ex parte*. There would be no use in giving a respondent notice of the time and place of hearing before a master, as our rule requires, if the respondent were not permitted to listen to the testimony of the libellant and his or her witnesses and then cross-examine them. But this is as far as the respondent may be permitted to go without filing an answer. See Ramsey v. Ramsey, 48 Pa. C. C. 472, 474, Rotonto v. Rotonto, 28 Dist. R. 981, and Oxley v. Oxley, 191 Pa. 474, 476. In Oxley v. Oxley, the court below said that, under the law and the rules of the court, the respondent could not offer evidence without having filed an answer; and the fact that the respondent now petitions for permission to file an answer *nunc pro tunc* impliedly concedes that she may not offer any evidence without filing an answer.

So the next question is whether, in our discretion, we may now permit the respondent to file an answer. Our rule of court above quoted requires the respondent to show cause for her delay in not filing an answer before we may make an order *nunc pro tunc*.

"Rules are indispensable aids in the routine business of courts, and to this only they properly apply. Being subject to the authority which gives them existence, they are administered in subordination to the rights and equities of suitors. In other words, they are not to be instrumentalities to defeat those rights; but their provisions are always adhered to, when in any neglect of them, rights have accrued which it would be inequitable or unjust to disturb. When, however, a failure to comply with their requirements in any given case, is the result of mistake, haste or surprise, and positive injury is likely to ensue to a party, courts will not adhere to them simply on account of the rules, at the expense of justice and the just rights of parties. Hence amendments to fulfill requirements are generally allowed when offered without unreasonable delay, and before much expense and costs have accrued:" Magill's Appeal, 59 Pa. 430, 431.

In Schneider v. Schneider, 9 W. N. C. 253, the rule for an order to file an answer *nunc pro tunc* was discharged. The respondent had set forth in his petition that, by reason of poverty, he was unable to procure counsel to represent him before the examiner; that he himself attended but did not cross-examine the witnesses because he was too ignorant of the English language and that he desired to oppose the application by having an opportunity to testify and produce witnesses.

But in Daugherty v. Daugherty, 28 Pa. Superior Ct. 327, it was held that making an order *nunc pro tunc* without filing an answer was in the sound discretion of the court. The court said: "What regular fixed rule or rules the court may have in regard to the subject do not appear, but in any event the matter is within the discretion of the court. Such discretion does not seem to have been arbitrarily exercised in this case and we see no reason for interfering therewith." In that case the grounds upon which the respondent failed to answer at the proper time were not made to appear before the Superior Court.

In our own case of Fritz v. Fritz, 17 Schuylkill Legal Record 326, the respondent was permitted to file an answer *nunc pro tunc* before the report

of the master was filed. In that case the subpœna was returnable January 3, 1921. An appearance was entered by the respondent on February 8, 1921, and the master was appointed on February 28, 1921. Respondent appeared with his counsel and his right to cross-examine the libellant and his witnesses was objected to on the ground that the respondent had filed no answer. But the respondent did cross-examine and then offered certain evidence, and, before the report of the master was filed, the respondent asked leave to file an answer *nunc pro tunc*. The ground of divorce was cruel and barbarous treatment. The proposed answer was to show an issue to which the testimony taken before the master was directed. But the respondent's petition showed cause for her failure to file an answer in the Fritz case, whereas here there is no cause shown. Nor was the respondent in the Fritz case guilty of such long delay as is found in this case. Here, 187 days elapsed after the subpœna was returnable, whereas in the Fritz case the respondent delayed until only seventy-six days after the return day.

If, upon the showing of the record in this case, we were to make the pending rule absolute, we would disregard our positive rule and appear to be acting arbitrarily. The Supreme Court will reverse when the court below plainly disregards its own rules: Brennan's Estate, 65 Pa. 16; McDermott v. Woods, 147 Pa. 356; Schrimpton v. Bertolet, 155 Pa. 638.

We, therefore, have no discretion in the premises, and the rule is discharged.

From M. M. Burks, Shenandoah, Pa.