**Bonomo v. Bonomo**

*Louis Shaffer*, for libellant.
*Charles F. Wharen*, for respondent.

COUGHLIN, J., May 23, 1935.—The matter before us consists of exceptions to the master's report wherein the master recommends a decree in favor of libellant. The exceptions are four in number. The first objection is to the master's finding of fact that respondent deserted libellant. The second objects to the conclusion of law upon

the part of the master that as a result of desertion libellant is entitled to a decree. As to these two objections, we might say the second follows as the logical result of the first, which latter depends upon the testimony adduced. While the master's findings are not binding upon the court, they are given the weight of the judgment of one who has had the advantage of seeing and hearing the witnesses personally.

The third objection complains that the master erred in not considering the evidence of the respondent, while the fourth exception objects that the master erred in not giving the respondent an opportunity to present in full her evidence.

The report of the master indicates that he would have come to the same conclusion after considering the evidence of the respondent, which was taken, although he denied her the right to testify and struck out same. Additional testimony in her behalf was not permitted.

The procedural facts are primarily the basis of the exceptions. On April 21, 1934, the libel was presented to the court, and subpœna awarded, returnable June 18, 1934. It was personally served on May 4, 1934. This was properly in accordance with section 26 of the Act of May 2, 1929, P. L. 1237. Section 27 of said act provides:

"Upon due proof, at the return of said subpœna, that the same shall have been served personally upon the respondent, . . . and that a copy had been given to him or her on or before the return day of the same, the said court shall and may make such preparatory rules and orders in the cause that the same may be brought to a hearing and determined, at which hearing the court may determine the same ex parte, if necessary."

Section 31 provides:

"The respondent may, in any case brought under the provisions of this act, cause an appearance to be entered, and file an answer to the petition or libel, and the entry of a general appearance shall be equivalent to personal service of the subpœna and libel."

Counsel for the respondent in this case entered his appearance upon May 31st.

Section 35 of said act provides:

"After service on the respondent, in the manner aforesaid, or entry of a general appearance for the respondent, if either of the parties shall desire any matter of fact that is affirmed by one and denied by the other to be tried by a jury, he or she may take a rule upon the opposite party, to be allowed by a judge of the court, to show cause why the issues of fact set forth in said rule shall not be tried by a jury, which said rule shall be served upon the opposite party or his or her counsel."

No such rule was taken in the present case, but a petition for counsel fees and expenses and alimony pendente lite at the rate of $5 per week was filed upon which a rule was granted on June 20, 1934, returnable to argument court.

Section 36 of said act provides:

"When neither of the parties takes a rule for a jury trial, or when, after hearing, the rule is discharged, the court may proceed to hear the cause, or may, upon motion of either party, appoint a master to take testimony and return the same to the court."

There having been no rule for a jury trial, the court, in accordance with this section, did, upon June 21, 1934, appoint the late Hubbard Payne master, who, after notice of hearing, held the same on September 13, 1934, and proceeded to take testimony. He then adjourned the hearing to September 28th, at which latter time the master ruled that respondent could not present evidence because no answer had been filed.

During the course of these proceedings, to wit, on August 29, 1934, part payment of fees agreed upon for attorney for respondent were paid by libellant. September 13th, the day of the first hearing by the master, the balance of counsel fees was paid. Eight days thereafter, September 21st, a date midway between the first and the last hearing by the master, answer was filed.

Certainly it was regular for counsel to ask, when they did, for the appointment of a master. The hearing by the master was held in conformity to notice and was regular in procedure.

At the first hearing counsel for respondent were permitted to cross-examine libellant and his witnesses. Respondent, under protest of libellant, was permitted to offer her own testimony, though no answer was filed. In Oxley v. Oxley, 191 Pa. 474, 476, the lower court stated:

"We desire to call the attention to the fact that the respondent did not file any answer and yet he appeared before the examiner with his counsel, cross-examined the libellant's witnesses and testified in his own behalf. This is not good practice. Under the law and the rules of this court, if he desired to offer testimony he should have filed an answer raising an issue, and this is so, whether he desired an issue to be tried by the court or by a jury."

The granting of a divorce was affirmed by the appellate court in a per curiam decision, but the aforesaid comment by the lower court was not referred to therein, nor did it arise.

In Seiple v. Seiple, 36 Pa. C. C. 129, it was said: "Although the answer was filed without leave of court, it was on the record, and correct practice demanded from libellant a motion that it be suppressed or stricken off."

In the case at bar an answer was filed after the first hearing, where respondent was permitted to testify, but the same was filed without the permission of the court. We have no court rule limiting the time of filing an answer. Yet at the time of the hearing, of which respondent had notice, an answer could and should have been filed if respondent intended to go further than merely cross-examine. The libel and answer make the issue. There can be no issue tried unless one exists.

But the master in the present case took the testimony of the respondent and fixed a future hearing for the submission of other testimony upon the part of the respondent. By that time respondent had filed an answer, but

the master refused additional testimony and struck out consideration of respondent's testimony already given.

Application for alimony pendente lite, counsel fees and expenses, upon petition, may and in proper cases should be allowed by the court. Where the husband is suing, and the wife is without means to defend the action, it would be denying her justice to refuse her the means of paying for process and professional aid, and reasonable maintenance during the course of the proceeding. Neither the statute nor court rule, however, provides that all steps in the divorce proceedings are stopped by an application for alimony. The court, in entering a decree refusing a divorce, may at that time make absolute a rule on the libellant to pay the respondent alimony and counsel fees: King v. King, 36 Pa. Superior Ct. 33. Where the court has ordered alimony to be paid, it may refuse to grant the divorce until its order is complied with, and it has been held that an order for alimony may be enforced by an attachment up to the time of entering the final decree: Smeltz v. Smeltz, 21 Lanc. 308; and that it may be enforced by an attachment after the entry of a decree: Hilt v. Hilt, 23 Pa. C. C. 422.

The action of counsel for respondent in his procedure does not meet with our approval. Our own court has held that no testimony may be permitted, upon the part of respondent, where no answer has been filed to the time of the hearing. However, the contract of marriage is of importance to and concerns not only the parties themselves, but society and its government. Respondent's attorney here, having entered an appearance and a master having been appointed to take the testimony, if unwilling to proceed further unless paid, and desiring its receipt by agreement or rule therefor disposed of by the court before hearing, should have appeared before the court asking that such matter be disposed of.

If the wife was entitled to an allowance for defense by reason of her destitution, and counsel refused to act unless paid, it is difficult to see how she would be either

cognizant how to defend or able to defend. Having entered an appearance, counsel should have proceeded by an answer and asking disposition of alimony and fees prior to final adjudication.

In a matter involving the marriage relation and involving two small children, in the custody of the mother, we are, in the present case, unwilling to finally determine the correctness of the master's conclusion without hearing, in full, respondent's defense. Its absence may be the result of counsel's procedure, respondent's ignorance and destitution, rather than the merits of the controversy.

We do not mean this to indicate that testimony of respondent can be heard where no answer is filed, nor to indicate that an answer can be filed after hearing without leave of the court, nor that a rule for counsel fees, of itself, stays all procedure until disposed of, with no order of court to that effect, but we withhold disposition of the exceptions, the master being deceased, until the parties appear before the court in person and any additional defense upon the part of the respondent shall be heard.