## Garlesky v. Garlesky

*Joseph B. Policicchio*, for plaintiff.

COFFROTH, *P.J.*, May 11, 1981—The issue here is whether plaintiff's ex parte motion for a decree of divorce under section 201(d)(1)(i) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §201, for undenied 3 year separation may be granted without appointment of a master and without prior notice to defendant.

Section 201(d)(1)(i) provides as follows:

"(d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and: (i) The respondent does not deny the allegations set forth in the affidavit . . . ."

Plaintiff's motion for a divorce decree states that his complaint for divorce and affidavit containing the allegations prescribed in the foregoing section have been filed and served upon defendant, that 20 days have elapsed from the date of service and defendant has not denied the allegations of the affidavit, and that plaintiff is therefore entitled to a decree in divorce. No answer has been filed to the complaint, no counteraffidavit has been filed, no master has been appointed, and no notice of the presentation of the motion has been given to defendant.

## Appointment Of Master

It has always been a general principle of Pennsylvania Divorce Law that there can be no default decree in divorce, and that the ground for divorce must be established by evidence, thus expressing a strong public policy in assuring existence of legal

cause for divorce and in preventing dissolution of marriage merely be consent or inaction. Section 55 of the prior act, The Divorce Law of May 2, 1929, P.L. 1237, as amended, 23 P.S. §1 et seq., authorized entry of a divorce decree only "after hearing any cause, whether before the court or a master." Pa.R.C.P. 1135 previously in effect expressly prohibited a default judgment on the cause for divorce, as follows:

"No judgment may be entered by default or on the pleadings, as to the cause of action in divorce or annulment, or as to any matter involving custody, paternity or support, or approving any agreement dealing with custody, paternity or support but evidence shall be presented in such actions. With respect to any other matter which may by Act of Assembly be joined with an action of divorce or annulment, all averments which are not sufficiently denied, pursuant to the provisions of Rule 1029, shall be deemed to be admitted and in an appropriate case judgment may be entered by default or on the pleadings."

Consistent therewith, an answer to the complaint in divorce was not required and the action was at issue on the cause for divorce whether or not an answer was filed. See former Pa.R.C.P. 1130 and 1131. In effect, averments of grounds for divorce were automatically denied if no timely answer was filed, and had to be proved whether or not an answer was filed; nondenials, even express admissions, of facts, although relevant and admissible in evidence, were insufficient of themselves to establish a ground for divorce or to dispense with the necessity of proof thereof in a hearing before the court or master. The proper practice under the Di-

vorce Law is described in Walker v. Walker, 37 Somerset 413, 417, fn. [1] (1980), as follows:

"It cannot be assumed from the fact that a divorce defendant has entered no appearance and filed no answer that he or she abandoned or will not contest the case. In divorce, there is no default judgment for failure to file an appearance or answer. Civil Rule 1128. Moreover, failure to file an answer does not bar defendant from appearing at the hearing and fully contesting the proceeding, so strong is the societal interest in preventing marital dissolution for insufficient cause. Cook v Cook, 166 Pa. Superior 629 (1950); Bonomo v. Bonomo, 123 Pa. Superior 451 (1936); Cutler v Cutler, 23 D. & C. 2d 257, 259 (1961); 15 Standard Pennsylvania Practice (revised 1965) Chapter 72 §346. The suggestion to the contrary in PLE, Divorce §74 is not supported by the authority cited, Oxley v Oxley 191 Pa. 474 (1899) which holds merely that it is better practice to file an answer, see Bonomo supra 454."[1]

The Divorce Code of 1980 (hereinafter called code) is a substantially different creature than the Divorce Law of 1929 and contains no language which directly or indirectly proscribes a default divorce decree based on admissions in pleadings for failure to answer pleaded averments. But the new Rules of Civil Procedure cover the matter. Pa.R.C.P. 1920.14(a) provides that: "The averments in the complaint as to the divorce or annulment and all other claims which may be joined under the Divorce Code shall be deemed denied

---

1. The citation in the quotation should have been Civil Rule 1135 instead of 1128.

unless admitted by an answer." But even express admission in pleadings still will not warrant a default divorce decree, as expressly provided in Pa.R.C.P. 1920.41, which states: "No judgment may be entered by default or on the pleadings."

At first glance, the code and prior laws appear in accord as respects default divorce decrees, and plaintiff appears to be seeking such a prohibited default judgment based merely upon defendant's failure to deny the alleged three year separation as the ground for divorce under section 201(d)(1)(i), supra. But further analysis demonstrates that the decree sought is proper under the circumstances of this case. Section 201(d)(1)(i)creates in a sense a special exception to the rule against default divorce decrees, and establishes a unique affidavit pleading procedure in addition to the conventional pleadings; although Rule 1920.11 states that the pleadings in an action for divorce "shall be limited to those authorized by Rule 1017 [allowable pleadings in assumpsit], a bill of particulars, a petition authorized by the Divorce Code and an answer thereto," section 201(d)(1), supra, provides for filing "a complaint *and an affidavit* alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken," and for granting a divorce in such case under subsection (i) when the defendant (respondent) "does not deny the allegations set forth in the *affidavit.*" That section 201(d)(1) treats the "affidavit" as a document separate and distinct from the "complaint," and not merely as the usual verification affidavit to the complaint is clear from several provisions of the Code and Rules of Civil Procedure, as follows:

(1) Section 201(d)(1)(ii) provides for a hearing

only when "the respondent denies one or more of the allegations set forth in the *affidavit.*" (Emphasis supplied.)

(2) Rule 1920.14(b)provides that: "The averments of the *affidavit* under Section 201(d) of the Divorce Code shall be admitted unless denied." (Emphasis supplied.) This is the opposite of the rule applicable to the *complaint* as stated in Rule 1920.14(a), quoted ante.

(3) Rule 1920.42(b) provides as follows:

"(b)(1) If a complaint has been filed requesting a divorce on the ground of irretrievable breakdown and the plaintiff has filed an affidavit under Section 201(d) of the Divorce Code the averments of which the defendant has admitted or not denied, the court on motion of either party or its own motion shall review the complaint, affidavit and counteraffidavit, if any. If in compliance with Section 201(d), the court shall enter a final decree.

"(2) The affidavit shall be substantially in the form prescribed by Rule 1920.72(c)."

(4) The prescribed form of affidavit in Rule 1920.72(c), referred to above, is clearly intended as a document separate from the complaint and provides for pleading to the *affidavit* by *counteraffidavit* as follows (relevant part): "If you wish to deny any of the allegations set forth in this affidavit, you must file a counteraffidavit within twenty days after this affidavit has been served on you or the allegations will be admitted."

The purpose of the foregoing special pleading system, existing solely for section 201(d)(1) purposes, is to provide a means of establishing with finality the nondenial of the three year separation which is the essential element of a section 201(d)(1)(i) cause

for divorce, without impinging upon the general proscription against default judgments on pleadings in divorce actions on other grounds and without requiring a hearing before court or master as in other cases.

For the foregoing reasons, plaintiff's motion for a divorce decree under section 201(d)(1)(i) is proper without appointment of a master or a hearing. As stated in Perlberger, Pennsylvania Divorce Code §7.6.1. (Bisel 1980): "This procedure established by Pa.R.C.P. 1920.42(b) is tantamount to a default judgment . . . [2]

Notice Of Motion To Defendant:

There is no provision in the code or in the Rules of Civil Procedure requiring prior notice to the other party of a motion to the court for a divorce decree under section 201(d)(1)(i) and Rule 1920.42(b) quoted ante, although 10 days' notice prior to granting a divorce decree is required after filing of a master's report under Rules 1920.53 (a)(2) and 1920.55 (a),(b).

Nevertheless, our local rules governing motion and petition practice forbid ex parte orders in adversary proceedings without prior notice to other parties. See: Chapter 35, Subchapter 5. Those rules are applicable to all types of cases including divorce: Rule No. R35-503. Those rules do not, how-

---

2. In this case we need not decide the effect of filing an answer (to the complaint) denying a three year separation, and failing to file a counteraffidavit denying the allegations of the affidavit concerning the separation.

ever, specify the amount of prior notice required, leaving that a flexible period of time to fit varying situations: in effect, the rule requires reasonable advance notice. We now formally prescribe a ten day prior notice of presentation of a motion for a divorce decree under section 201(d)(1)(i) as a rule of court, effective this date.[3]

## ORDER

Now, May 11, 1981, plaintiff's motion for entry of a divorce decree under Divorce Code §201(d)(1)(i) is denied as premature, without prejudice to re-presentation thereof after having given ten days' prior notice thereof to defendant in compliance with local rules (Chapter 35, subchapter 5) and this opinion.

---

3. Section 604 authorizes courts of common pleas (id. §104) ". . . to make and adopt such rules and practices as may be necessary to carry this act into effect which are consistent with the Rules of Civil Procedure, and to regulate proceedings before masters, and to fix their fees." A number of local courts have adopted rules such as we have done in the foregoing opinion. See for example Bucks County Divorce Rule 1920.42* 11 Pa. Bull. 1310 (1981), which provides as follows: "1920.42* (e) Notice. Certification of Notice. In actions under this section, the moving party shall serve all counsel of record, as well as any unrepresented party, with written notice of the intention to file a motion for final decree and proposed form of decree on a certain date. The notice shall state that the decree may be entered ten (10) days thereafter. The moving party shall file an affidavit or certification that the notice required by this rule has been given."